152 Wis.2d 97 (1989)
447 N.W.2d 533
STATE EX REL. N.R.Z., Petitioner-Respondent,
v.
G.L.C., Respondent-Appellant.
No. 88-1635.
Supreme Court of Wisconsin.
Argued September 7, 1989.
Decided November 8, 1989.
*101 For the respondent-appellant there were briefs (in court of appeals) by Duane R. Stellmacher, Madison, and oral argument by Duane R. Stellmacher.
For the petitioner-respondent there was a brief (in court of appeals) by Donald L. Antoine, assistant district attorney and oral argument by Daniel Stier, assistant attorney general.
LOUIS J. CECI, J.
This case is before the court on certification from the court of appeals, pursuant to sec. (Rule) 809.61, Stats. The appellant, G.L.C., a resident of the state of Florida, appeals from an order of the circuit court for Dane county, Susan Steingass, Circuit Judge, denying his motion to dismiss a paternity action for lack of personal jurisdiction. The issue certified to this court, as phrased by the court of appeals in its certification, is whether the acquisition by this state of personal jurisdiction over the appellant under sec. 767.01(2)(c) violates his due process rights. We hold that it does and reverse the order of the circuit court.
The facts of this case follow. The appellant is and at all times relevant to this action has been a Florida resident employed by Walt Disney World Company. The respondent, N.R.Z., is and at all times relevant to this *102 action has been a Wisconsin resident. In January, 1985, the respondent, while on vacation with her family, visited the appellant in Florida. She returned to Wisconsin and, on October 18, 1985, gave birth to a child. Both the child and the respondent reside in Wisconsin and receive support from the state. In January, 1987, the appellant visited Wisconsin for a matter of hours and spoke with the respondent. The record provides no indication of the purpose of that visit, which was the appellant's only contact with the state.
The state of Wisconsin, on behalf of the respondent, commenced a paternity action in Dane county circuit court, alleging that the appellant was the father of her child. The appellant was served with a Wisconsin summons and petition in Florida on January 7, 1988. He subsequently filed a motion to dismiss the action on the grounds that he had insufficient minimal contacts with the state to warrant the exercise of jurisdiction over his person.[1]
The circuit court, by written decision and order dated August 24, 1988, denied the motion to dismiss. The court found that the state could exercise jurisdiction over the appellant pursuant to sec. 767.01(2)(c), Stats., provided that he had sufficient minimal contacts with the state to satisfy due process.[2] The court found that *103 the appellant visited Wisconsin on one occasion and spoke with the respondent. The court concluded that the visit constituted a single act or consummation of a transaction within the forum and that the cause of action was related to the appellant's contact with the forum because "he was in Wisconsin as a result of his contact with [the respondent] and his actions in Florida have resulted in the birth of a child who lives here." The court held that the appellant had sufficient minimal contacts with the state and that it was reasonable to subject him to suit in Wisconsin.
The court of appeals granted the appellant leave to appeal the nonfinal order denying his motion to dismiss and subsequently certified the appeal to this court, which we accepted.
[1, 2]
In our review of questions of personal jurisdiction, the circuit court's findings of fact will not be set aside on appeal unless clearly erroneous. Section (Rule) 805.17(2), Stats. However, this court is not bound by the circuit court's ultimate legal conclusion that the appellant had sufficient minimal contacts with the state to warrant the exercise of jurisdiction in this case. That conclusion is one of law and is entitled to no special deference from a reviewing court. Afram v. Balfour, Maclaine, Inc., 63 Wis. 2d 702, 708, 218 N.W.2d 288 (1974); see also In re Devanis v. Devanis, 132 Wis. 2d 318, 331, 392 N.W.2d 108 (Ct. App. 1986).
[3-6]
The due process clause of the fourteenth amendment operates as a limitation on the power of state courts to exercise personal jurisdiction over a nonresident defendant. Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 108 (1987). Due process requires that the defendant have certain minimal *104 contacts with the forum state such that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice. Kulko v. California Superior Court, 436 U.S. 84, 92 (1978), citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). A defendant's minimal contacts with the forum state must have a basis in some act by which the defendant purposefully avails himself of the privilege of conducting activities in the state, thus invoking the benefits and protections of its laws. Asahi, 480 U.S. at 109, citing Hanson v. Denckla, 357 U.S. 235, 253 (1958). An essential criterion in all cases is whether the quality and nature of the defendant's activity is such that it is reasonable and fair to require him to conduct his defense in the state. Kulko, 436 U.S. at 92, citing International Shoe, 326 U.S. at 316-17, 319.
[7-9]
A Wisconsin court may exercise jurisdiction over a nonresident defendant if there is a statutory basis for extending jurisdiction to the nonresident and if the foregoing requirements of due process are met. The burden is on the plaintiff to establish that a nonresident is subject to suit in this state under the provisions of a Wisconsin long-arm statute. Lincoln v. Seawright, 104 Wis. 2d 4, 9, 310 N.W.2d 596 (1981). Once the plaintiff has demonstrated that the provisions of a long-arm statute confer jurisdiction over a nonresident defendant, this court will presume that the exercise of jurisdiction pursuant to the statute comports with due process. Id. at 10.
[10, 11]
However, the scope of a long-arm statute and the possible infringement on the flexible reaches of due process that may occur in its application to a set of facts are ordinarily separate questions. Hasley v. Black, Sivalls & Bryson, Inc., 70 Wis. 2d 562, 575, 235 N.W.2d 446 *105 (1975). Our long-arm statutes are intended to confer jurisdiction over a nonresident defendant only to the extent consistent with the requirements of due process of law. Thus, each case arising under the statute poses a problem of statutory construction within the constitutional framework and its application to the factual background of each individual case. Zerbel v. H.L. Federman & Co., 48 Wis. 2d 54, 59-60, 179 N.W.2d 872 (1970).
[12, 13]
Accordingly, a defendant may rebut the presumption of due process by demonstrating that he has insufficient contacts with the state to subject him to suit in a Wisconsin forum. In determining whether a nonresident defendant has successfully rebutted the presumption of due process, a court must consider the quantity, quality and nature of the defendant's contacts with the state; the source and connection of the cause of action with those contacts; the state's interest in providing a forum for suit; and the inconvenience to the parties of litigating the suit in the state. See Lincoln, 104 Wis. 2d at 11, citing Zerbel, 48 Wis. 2d at 64-65.
Section 767.01(2), Stats., is a special jurisdictional statute which confers long-arm jurisdiction upon the courts of this state in paternity and child support actions commenced pursuant to ch. 767.[3] Section 767.01(2)(c) allows for the exercise of jurisdiction in a paternity *106 action where, as here, the child at issue resides in the state.
The appellant contends that sec. 767.01(2)(c) is unconstitutional both on its face and as applied to the facts of this case. The appellant argues that the statute is facially invalid because it subjects a nonresident defendant to suit in this state even though the defendant may have insufficient minimal contacts to satisfy the demands of due process. The appellant notes that sec. 767.01(2)(a), in comparison, limits jurisdiction in actions commenced pursuant to ch. 767, Stats., to those situations in which a nonresident has "the necessary minimum contact with this state" under the provisions of the general long-arm statute, secs. 801.05 and 801.07. The appellant contends that because subsection (c) does not explicitly refer to similar minimal contacts, it eliminates the need to analyze due process considerations once the fact of the affected child's residence in this state has been established.
[14]
We find the appellant's argument unconvincing. As previously mentioned, compliance with the language of sec. 767.01(2)(c) raises only a rebuttable presumption that the exercise of jurisdiction over a nonresident defendant is constitutional. This presumption does not obviate the need to determine whether due process has in fact been met when a defendant challenges the exercise of jurisdiction on constitutional grounds. Accordingly, we turn our analysis to a consideration of the factors specified by this court in Zerbel, 48 Wis. 2d 54, to determine whether the appellant has rebutted the presumption of due process.
The circuit court found that the appellant has two relevant contacts with the state of Wisconsin. His alleged child resides in the state with the respondent, *107 and the appellant briefly visited the state on one occasion and spoke with the respondent at that time. We conclude that these contacts are not sufficient to subject the appellant to suit in this state. In reaching this conclusion, we find the case of Kulko, 436 U.S. 84, persuasive.
In Kulko, a California resident commenced an action in California court seeking increased child support payments from her former spouse, a resident of New York. The former spouse challenged the court's jurisdiction on the ground that he had insufficient contacts with the state to require him to answer to the suit. The California Supreme Court found that the exercise of jurisdiction over the former spouse was constitutional. Id. at 94. The court reasoned that the former spouse had purposefully availed himself of the privilege of conducting activities in the forum, thus invoking the benefits and protections of state law, when he fully and actively consented to his minor daughter's living in California with her mother during the school year and sent her from New York to California for that purpose. Id.
The United States Supreme Court reversed and held that the former spouse's acquiescence in his daughter's desire to live with her mother in California was not sufficient to subject him to suit in the forum. Id. The Court noted that the unilateral activity of one who claims some relationship with a nonresident defendant is insufficient to satisfy the requirement that the defendant have minimal contact with the forum state. Id. at 93-94, citing Hanson v. Denckla, 357 U.S. 235, 253 (1958). Accordingly, the Court concluded that basic considerations of fairness favored adjudication of the case in a New York forum because the former spouse at all times resided in that state, and it was the mother who had moved across the country to California. Id. at 97.
*108 [15]
In the instant case, we find that the appellant's brief visit to Wisconsin is not of such quality and nature that it may be said that he purposefully availed himself of the privilege of conducting activities within the state. This court has stated that a single act within the forum may be sufficient to confer jurisdiction over a nonresident defendant if the act is substantial enough. See Zerbel, 48 Wis. 2d at 63. However, we believe that an isolated visit to the state is not such an act where, as here, the record provides no indication that the visit had either any relation to the appellant's alleged contact with the respondent in Florida or the paternity of her child.
We also find that the fact that the child resides in this state is not sufficient to require the appellant to answer to suit in this state. The appellant has at all times resided in the state of Florida, and the cause of action arises from his alleged contact with the respondent in that state. Wisconsin is implicated as a possible forum for suit only because the respondent, having allegedly conceived a child in Florida, returned to Wisconsin where she gave birth to and resides with the child. Under Kulko, such unilateral activity is ordinarily insufficient to satisfy the due process requirement that the defendant have minimal contact with the forum state. Although the application of this rule will vary with the quality and nature of a defendant's activity within the forum, see Hanson, 357 U.S. at 253, we conclude that the appellant has insufficient contacts with the state to render the exercise of personal jurisdiction constitutional in this case.
[16]
The respondent argues that the appellant's failure to support his alleged child constitutes the commission of a tort or tortious activity within this state which is itself *109 sufficient, as a matter of due process, to subject him to suit within the state. We reject this argument because it prematurely assumes as true the allegation of paternity in order to subject a nonresident to suit within the state when that allegation is precisely the issue which must be proven in the paternity action itself. We conclude that the duty to support a child cannot be imposed until paternity has been established under Wisconsin law. See sec. 767.45(5m), Stats. Accordingly, the failure to pay support may not be considered a jurisdictional contact with the state until a defendant is found liable for child support under Wisconsin law.
[17]
Our review of the facts of record persuades us that the appellant has insufficient contacts with the state of Wisconsin for personal jurisdiction to attach. Although we recognize that the state has substantial interest in protecting its resident children and in facilitating paternity actions in a convenient forum on their behalf, these interests do not make this state a fair forum for suit where, as here, the nonresident defendant lacks sufficient minimal contacts with the state to satisfy the demands of due process. Basic considerations of fairness dictate that the appellant's state of domicile is the proper forum within which to bring this action, and we believe that the state may adequately vindicate its interest in the adjudication of paternity in the Florida courts.
By the Court.The decision of the circuit court is reversed, and the cause is remanded to the circuit court with instructions to dismiss the action.
NOTES
[1] Sometime during the course of litigation, the appellant submitted to a blood test in Florida. The blood drawn was sent to Wisconsin for paternity analysis. Before the appellant agreed to submit to the test, the parties stipulated that his right to challenge the court's jurisdiction would not be impaired by the blood test.
[2] Section 767.01(2)(c), Stats., allows the courts of this state to exercise personal jurisdiction over a nonresident defendant in an action to establish paternity when the child at issue in the action resides in the state.
[3] 767.01 Jurisdiction ....

(2) In an action to establish paternity or to establish or enforce a child support obligation, in regard to a child who is the subject of the action, a person is subject to the jurisdiction of the courts of this state if any of the following circumstances exists:
(a) The person has the necessary minimum contact with this state for the exercise of jurisdiction under s. 801.05 or 801.07(5).
. . .
(c) The affected child resides in this state. . . .