IN RE the PATERNITY OF C.A.K.: D.M.K., Petitioner-Respondent,

v.

J.B., Respondent-Appellant.†

Court of Appeals

*No. 90-0424-FT. Submitted on briefs June 21, 1990.—Decided November 15, 1990.*

(Also reported in 464 N.W.2d 59.)

† Petition to review denied.

For the respondent-appellant the cause was submitted on the briefs of *Gergen & Gergen, S.C.,* by *William H. Gergen,* of Beaver Dam.

For the petitioner-respondent the cause was submitted on the briefs of *Dodge County Child Support Agency,* by *Patrick Litscher,* of Juneau.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   B. is the respondent in a paternity petition the state filed under ch. 767, Stats. He appeals from an order denying his motion to dismiss the petition for lack of personal jurisdiction. He lives in Pennsylvania. The issues are (1) whether Wisconsin has personal jurisdiction under sec. 767.01(2)(b)[1] over a nonresident respondent when intercourse occurred in more than one state, the state in which conception occurred is unknown and the child was born in Wisconsin; and (2) whether exercise of that jurisdiction in this case violates due process. We conclude that the court has jurisdiction and due process has not been violated. We affirm.

The circuit court found that B. and D., the mother of the child, had sexual intercourse in Florida, Pennsylvania and Wisconsin during the presumptive conceptive period, July through September 1987.[2] B.'s only contact with Wisconsin has been the four-day visit during which intercourse occurred in this state. The child was born to D. in Wisconsin on May 24, 1988. The child and mother reside here.

---

[1]Section 767.01 provides in relevant part:

(2)   In an action to establish paternity or to establish or enforce a child support obligation, . . . a person is subject to the jurisdiction of the courts of this state if any of the following circumstances exists:

. . ..

(b)   The person engaged in sexual intercourse with the child's mother in this state during the child's period of conception or the affected child was conceived in this state.

[2]Section 891.395 provides in part: "The conception of the child shall be presumed to have occurred within a span of time extending from 240 days to 300 days before the date of its birth, unless competent evidence to the contrary is presented to the court."

Section 767.01(2)(b), Stats., expressly confers jurisdiction over a respondent in a paternity action not only when the child is conceived in this state but also when the respondent had sexual intercourse with the mother in this state during the conceptive period. Since B. admits he had intercourse with D. during the conceptive period, the statute confers personal jurisdiction over him.

B.'s principal argument is that because he lacks sufficient contacts with Wisconsin, for this state to assert personal jurisdiction over him violates his right to due process of law, contrary to the fourteenth amendment to the United States Constitution. B.'s argument raises a question of law which we decide without deference to the trial court. *State ex rel. N.R.Z. v. G.L.C.,* 152 Wis. 2d 97, 103, 447 N.W.2d 533, 535 (1989).

The due process analysis requires two steps. First, whether B. had minimum contact with Wisconsin which has "a basis in some act by which the [respondent] purposefully avails himself of the privilege of conducting activities in the state, thus invoking the benefits and protections of its laws," *N.R.Z.,* 152 Wis. 2d at 104, 447 N.W.2d at 535; and, second, whether it is reasonable and fair to compel him to defend in Wisconsin. *Id.*

One way of establishing that minimum contact exists is showing that respondent engaged in activities within this state and that the claim arises out of or results from those activities. *Zerbel v. H.L. Federman & Co.,* 48 Wis. 2d 54, 62–63, 179 N.W.2d 872, 877 (1970). B. argues that this requires the petitioner in a paternity proceeding to show that the child was conceived in this state. He argues that it is conception, not intercourse,

that gives rise to the claim that he is the father. Because the state in which the child was conceived is not known, whether B.'s claimed paternity resulted from his activities in Wisconsin is uncertain, and therefore, he argues, this state cannot constitutionally assert personal jurisdiction over him. We disagree.

The place of conception has nothing to do with the factual issue of paternity. That issue exists because B. had intercourse with the mother during the presumed conceptive period. The act is the reason why he is the respondent. Nothing suggests that his intercourse with D. was other than voluntary and intentional and therefore purposeful. He must have known when he had intercourse that his act created the potential for parenthood. His purposeful act in this state is a sufficient contact for Wisconsin to assert personal jurisdiction over B. in a paternity proceeding.

B. argues for a "bright-line" rule that the petitioner must pursue the putative father in his home state when the state in which conception occurred has not been established. Without that rule, he argues, a man might be held to respond in any state in which he had intercourse regardless whether that act resulted in the birth of a child. Whatever the wisdom of such a rule, B. offers no authority to support the proposition that due process requires it.

We hold that B.'s act of intercourse in Wisconsin was sufficient contact with this state for it to assert personal jurisdiction over him. We turn to the second step of our due process analysis, whether it is fair and reasonable to compel him to defend here. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must pre-

sent a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King v. Rudzewicz,* 471 U.S. 462, 477 (1985). B. has not done so.

B. notes that it is as much the woman's choice as the man's as to whether they have intercourse and in how many states. If a paternity dispute arises, he argues, it is not necessarily unfair to hold that the putative father should be sued in his home state. It is immaterial, however, that the putative father may be made a respondent in a paternity proceeding in his home state. The question here is whether he may be made a respondent in a state where he had sexual intercourse during the presumptive conceptive period. The woman shares in the decision where to have intercourse, but it is not always the woman who is the petitioner. In this case, the state of Wisconsin is the petitioner. The state had no role in the decision where to have intercourse.

One factor to be considered in assessing fairness and reasonableness is inconvenience. *Zerbel,* 48 Wis. 2d at 66, 179 N.W.2d at 879. The defendant traveled to Wisconsin where he had the sexual intercourse out of which this litigation arose. It is as fair and reasonable to require him to return to litigate a foreseeable outcome of that intercourse as it would be to require Wisconsin or the mother to bring a paternity action in Pennsylvania.

We conclude that Wisconsin has personal jurisdiction over B. by virtue of sec. 767.01(2)(b), Stats., and exercise of that jurisdiction does not violate due process.

*By the Court.*—Order affirmed.