In re the Paternity of Carlin L. S.:

Paula M. S., Petitioner-Respondent,

v.

Neal A. R., Respondent-Appellant.

Court of Appeals

No. 98–1158. *Submitted on briefs January 12, 1999.—Decided March 25, 1999.*

(Also reported in 593 N.W.2d 486.)

On behalf of the respondent-petitioner, the cause was submitted on the briefs of *William J. Mulligan, Maria K. Myers,* and *Patrick J. Anderson* of *Davis & Kuelthau, S.C.* of Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Cynthia A. Curtes* of *Kramer & Ott, S.C.* of Mt. Horeb.

Before Dykman, P.J., Eich and Roggensack, JJ.

ROGGENSACK, J.   We granted Neal A.R. leave to appeal from a non-final order of the circuit court denying his motion to dismiss Paula M.S.'s paternity action for lack of personal jurisdiction. The circuit court concluded that ch. 822, STATS., the Uniform Child Custody Jurisdiction Act (UCCJA), conferred personal jurisdiction because a paternity action may include a custody determination issue and the Act was sufficient

to determine custody. We conclude that the UCCJA, which may confer subject matter jurisdiction in custody disputes, does not establish, in and of itself, a sufficient statutory basis for personal jurisdiction over a nonresident defendant in a paternity proceeding. Because neither the UCCJA, nor any other Wisconsin statute, conferred personal jurisdiction over Neal under the facts of this case, the circuit court did not have the power to adjudicate Neal as the father of Carlin L.S., Paula's child. Therefore, we reverse the order of the circuit court.

## BACKGROUND

Paula commenced a paternity action seeking to adjudicate Neal as the father of her minor child, Carlin, and requesting the court to determine Neal's child support obligation. Neal filed a motion to dismiss for lack of personal jurisdiction.[1] Shortly thereafter, Paula filed an amendment to her original petition repeating her previous prayer for relief and also asking the court to determine Neal's rights to periods of physical placement of Carlin.

At the hearing on Neal's motion to dismiss the action, the parties did not dispute the underlying jurisdictional facts: that Carlin, born August 16, 1990, in Minnesota, was conceived in Illinois; that Carlin and Paula reside in Wisconsin; and that Neal is a Michigan resident who has never resided in Wisconsin and has visited Wisconsin on only two very limited occasions, neither of which involved Carlin or Paula. Based on the facts of record, the court concluded that the UCCJA permitted it to exercise personal jurisdiction over Neal

---

[1] Apparently Neal was given notice of the action in Michigan, where he resides, but no proof of service is in the record.

because a paternity proceeding could include a custody determination and custody determinations were within the scope of the UCCJA. Thereafter, it denied Neal's motion to dismiss. Neal petitioned for leave to appeal and we granted his petition.

## DISCUSSION

### Standard of Review.

Although we will not set aside a circuit court's findings of fact unless they are clearly erroneous, § 805.17(2), STATS., we review *de novo* the circuit court's legal conclusion that statutory and constitutional bases exist for *in personam* jurisdiction over a nonresident. *State ex rel. N.R.Z. v. G.L.C.*, 152 Wis. 2d 97, 103, 447 N.W.2d 533, 535 (1989).

### Paternity Jurisdiction.

A Wisconsin court has personal jurisdiction over a nonresident defendant in a paternity proceeding if: (1) there is a statutory basis for extending jurisdiction, and (2) the requirements of due process have been met. *Id.* at 104, 447 N.W.2d at 535. Section 767.01(2), STATS., addresses the statutory basis for personal jurisdiction in a paternity proceeding:

> In an action to establish paternity . . . in regard to a child who is the subject of the action, a person is subject to the jurisdiction of the courts of this state as provided in s. 769.201 or 801.05.

Because of the directive of § 767.01(2), STATS., we first examine the provisions of §§ 769.201 and 801.05, STATS., to determine whether either provides a statu-

83

tory basis for personal jurisdiction. If either statute does, we will then determine whether its application to Neal comports with due process. Chapter 769 is the Uniform Interstate Family Support Act (UIFSA). Section 769.201[2] provides bases for jurisdiction over some nonresidents for certain support proceedings. Paula concedes that subsec. (1) through (7) of § 769.201 do not apply in this case; however, she argues that subsec. (8) confers jurisdiction because the UCCJA creates a sufficient statutory basis which subsec. (8) incorporates by reference. Paula also contends that § 801.05 Wisconsin's primary long-arm statute, provides another statutory basis for personal jurisdiction of a nonresi-

---

[2] Section 769.201, STATS., reads as follows:

In a proceeding under this chapter . . . to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual, or the individual's guardian or conservator, if any of the following applies:

(1)   The individual is personally served with a summons or other notice within this state.

(2)   The individual submits to the jurisdiction of this state by consent, by entering a general appearance or by filing a responsive document having the effect of waiving any contest to personal jurisdiction.

(3)   The individual resided with the child in this state.

(4)   The individual resided in this state and provided prenatal expenses or support for the child.

(5)   The child resides in this state as a result of the acts or directives of the individual.

(6)   The individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse.

(7)   The individual asserted parentage in a declaration of paternal interest filed with the department of health and family services under s. 48.025 or in a statement acknowledging paternity filed with the state registrar under s. 69.15(3)(b)1. or 3.

(8)   There is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.

dent in a paternity action by virtue of subsec. (2), which states:

> A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:
>
> . . .
> (2)  SPECIAL JURISDICTION STATUTES. In any action which may be brought under statutes of this state that specifically confer grounds for personal jurisdiction over the defendant.

Each of Paula's arguments relies on the statutory incorporation of another statute which is not specifically identified, but which Paula contends draws in the UCCJA as a "basis consistent with the constitutions," under § 769.201(8), and as a "special jurisdiction statute," pursuant to § 801.05(2). Therefore, under Paula's theories, whether the circuit court has jurisdiction over Neal depends solely on whether the UCCJA is constitutionally sufficient to confer personal jurisdiction over a nonresident in a paternity action. Neal contends that, under the facts of this case, the UCCJA does not provide such a basis.

**Uniform Child Custody Jurisdiction Act.**

▇▇

The UCCJA, ch. 822, STATS., provides a mechanism for resolving interstate child custody disputes, by employing a three-step approach. *Davidson v. Davidson*, 169 Wis. 2d 546, 557, 485 N.W.2d 450, 454 (Ct. App. 1992). First, the court determines whether it has subject matter jurisdiction under § 822.03, STATS. *Id.* If it does, then it determines whether a custody proceeding is also pending in another state which has subject

matter jurisdiction under the UCCJA too. *Id.* And finally, if dual jurisdiction exists, the court decides which forum is the more convenient. *Id.*; § 822.07, STATS.

The purpose of the UCCJA is to avoid jurisdictional competition and conflict and to create uniformity in child custody jurisdiction practices among states. Section 822.01, STATS. The Act attempts to fulfill these goals by promoting cooperation and the exchange of information among the courts of various states to ensure that custody decisions are litigated in the state best equipped to determine the best interests of the child. *Id.* To encourage litigation in the state with the closest connection to the child and the family, the Act encourages "maximum contacts" between the child and the state in which the custody determination will be made, thereby permitting that state to exercise its subject matter jurisdiction in the child custody determination. Section 822.03(1), STATS.; *A.E.H. v. C.C.*, 161 Wis. 2d 277, 297–99, 468 N.W.2d 190, 198–99 (1991); *Thompson v. Thompson*, 129 Wis. 2d 348, 352, 384 N.W.2d 713, 715 (Ct. App. 1986); *Dragoo v. Dragoo*, 99 Wis. 2d 42, 43, 298 N.W.2d 231, 232 (Ct. App. 1980).

Because the UCCJA focuses on the connections between the state and the child, some courts have held that *in personam* jurisdiction of a nonresident parent is not required when making a custody determination pursuant to the UCCJA. *See Warwick v. Gluck*, 751 P.2d 1042, 1045 (Kan. Ct. App. 1988); *Schilz v. Superior Court*, 695 P.2d 1103, 1106 (Ariz. 1985). However, before imposing a support obligation on a parent, a court must have *in personam* jurisdiction. *Kulko v. California Superior Court*, 436 U.S. 84 (1978); *Thompson*, 129 Wis. 2d at 355–56, 384 N.W.2d at 717. Therefore,

while support is often an incident of custody, a court with jurisdiction pursuant to the UCCJA to determine custody, may nevertheless lack personal jurisdiction over a nonresident parent for the purposes of setting support. *Id.* However, a determination of paternity carries with it potential obligations for support[3] and care of the child, which personal obligations did not exist prior to the paternity determination.

■■■■ The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of Wisconsin courts to render judgments imposing personal obligations on nonresidents. *Kulko*, 436 U.S. at 91 (citing *Shaffer v. Heitner*, 433 U.S. 186, 198–200 (1977)). Personal jurisdiction requires: (1) reasonable notice to the defendant that an action seeking to impose a personal obligation has been commenced and (2) connections sufficient, between the defendant and the state where the action is pending, to make it fair to require the defendant to raise a defense in that state. *Id.* (citing *Milliken v. Meyer*, 311 U.S. 457, 463–64 (1940)).

Sections 822.03 and 822.08, STATS., address the subject matter jurisdiction of a court in a UCCJA proceeding. Section 822.05, STATS., details what type of notice or acquiescence is required if a court is to exercise personal jurisdiction over a nonresident, but neither § 822.05, nor any other section in ch. 822, addresses the other component necessary to personal jurisdiction; *i.e.,* sufficient contacts with the State.

---

[3] Some scholars have noted that the UCCJA was never intended to apply to support. *See* David J. Benson, *Can a Case be Made for the Use of the Uniform Child Custody Jurisdiction Act in Child Support Determinations?*, 26 Gonz. L. Rev. 125, 126 (1991).

However, the absence of this component from the statute cannot be construed to imply that it is not required in order for a court to exercise personal jurisdiction over a nonresident, because a statute cannot abrogate the requirements of the Due Process Clause of the Fourteenth Amendment. Those requirements are always present. *See N.R.Z.,* 152 Wis. 2d at 106–07, 447 N.W.2d at 536.

In the case before us, Neal does not contend that he has not had reasonable notice of the paternity action. Rather, he contends that Wisconsin courts do not have personal jurisdiction over him because his connections with the State are not sufficient under the standards of the Due Process Clause of the United States Constitution to justify requiring him to defend a paternity action in Wisconsin. In examining Neal's contacts with Wisconsin, we are mindful that in order to subject Neal to a personal judgment rendered by the courts of this State, his contacts must have been of such "quality and nature" that it is both "reasonable" and "fair" that Neal meet a paternity action in Wisconsin. *International Shoe Co. v. Washington,* 326 U.S. 310, 316–19 (1945).

■

The record reveals that Neal's only activity within the State has been attendance at two funerals, for a few hours on each occasion. He had no contact with either Paula or Carlin during those two brief visits. He did nothing to purposefully avail himself of the privileges of conducting personal or business activities within the State. Therefore, we conclude that Neal's contacts with the State are not of such quality and nature that it would be fair or reasonable to require him to defend this action in Wisconsin; and as a result, the circuit court did not have personal jurisdiction over him. Accordingly, we reverse the order of the circuit court

and remand with directions to grant Neal's motion to dismiss the action.

## CONCLUSION

The UCCJA, in and of itself, does not establish a constitutionally sufficient basis for personal jurisdiction over Neal, who is a nonresident defendant in a paternity proceeding. Additionally, Neal has had insufficient contacts with the State to satisfy the requirements of due process necessary to a state court's exercising personal jurisdiction over a nonresident. Therefore, the paternity action must be dismissed.

*By the Court.*—Order reversed and cause remanded with directions.