OPINION OF THE COURT
Timothy J. Lawliss, J.
On January 20, 2000, Regina M. H. filed a petition with this court seeking an order declaring respondent’s paternity of James C. H. On March 10, 2000, Hearing Examiner David L. Wood held an initial appearance on the matter where respondent did not appear in person, but David Marshall, Esq., ap *979 peared on respondent’s behalf, making a limited appearance for the purpose of objecting to the jurisdiction of this court over respondent. On March 30, 2000, respondent filed a notice of motion seeking the dismissal of the petition for want of jurisdiction. On April 17, 2000, petitioner filed opposition papers to the motion. On April 24, 2000, the Hearing Examiner took oral argument on respondent’s motion. On May 5, 2000, a final order was entered and served on the parties by first-class mail. The Hearing Examiner dismissed the petition for lack of jurisdiction.
After entry of a final order, Family Court Act § 439 (e) provides “[s]pecific written objections to such order may be filed by either party with the court within thirty days after receipt of the order in court or by personal service, or, if the objecting party or parties did not receive the order in court or by personal service, thirty-five days after mailing of the order to such party or parties.” On June 7, 2000, petitioner, through Van Crockett, Esq., attorney for the Clinton County Child Support Services, filed objections to the Hearing Examiner’s order. On objection, petitioner alleges that the Hearing Examiner erred in dismissing the petition arguing that New York State has jurisdiction over respondent pursuant to Family Court Act § 580-201 (5) because the subject child resides in New York as a result of acts of the respondent. On June 9, 2000, respondent filed rebuttal to the objections arguing that although the child may reside in the State of New York, it is not as a result of the respondent’s acts.
Family Court Act § 439 (e) provides that after the filing of objections, a Family Court Judge shall review “the objections and the rebuttal, if any, [and] shall (i) remand one or more issues of fact to the hearing examiner, or (ii) make, with or without holding a new hearing, his or her own findings of fact and order, or (iii) deny the objections.” During the period of review, the order of the Hearing Examiner remains in full force.
For this court to exercise jurisdiction over respondent, one of the subdivisions of Family Court Act § 580-201 must apply. (See, Family Ct Act § 580-201; Matter of Chisholm-Brownlee v Chisholm, 177 Misc 2d 185 [1998].) In addition, if Family Court Act § 580-201 provides that the court has jurisdiction over the respondent, the court must then determine if the application of the statute, upon these facts, violates the respondent’s constitutional due process rights. (See, Kulko v Superior Ct., 436 US 84 [1978].)
*980 The petition alleges that during late 1980 and early 1981, Ms. H. engaged in sexual intercourse with Mr. C. which resulted in Ms. H. giving birth to the subject child in Louisiana. The petition states that although the parties were unmarried at the time, Mr. C. has admitted to Ms. H. verbally that he believed that he was the father of the subject child. The petition itself does not allege where the couple had sexual intercourse or where they resided in late 1980 and early 1981. The petition alleges that today Ms. H. and the child reside in the State of New York and that Mr. C. resides in the State of Texas. The summons and petition in the matter were not served on Mr. C. within the State of New York.
In response to Mr. C.’s motion to dismiss, Ms. H. submitted her own affidavit stating that she became pregnant with the subject child in Louisiana, and that at the time she became pregnant both she and Mr. C. were in the United States Army stationed in Louisiana. She goes on to state that “at the time I knew Mr. C., he told me that he was from Brooklyn, New York and that in fact was his home of record.” In addition to her own affidavit, Ms. H. submitted her counsel’s affirmation in opposition to Mr. C.’s motion to dismiss. The allegations regarding the parties contained in paragraphs six and seven of counsel’s affirmation go beyond the factual allegations contained in petitioner’s affidavit; however, petitioner’s counsel does not specify the basis for his additional factual assertions regarding the parties. Accordingly, the additional factual allegations contained in counsel’s affirmation must be disregarded by this court. The remainder of the court’s analysis is based solely upon the sworn allegations contained in the paternity petition itself and Ms. H.’s affidavit submitted in opposition to the motion to dismiss.
Ms. H. does not specify where her legal residence was at the time she became pregnant with the child. She does not allege that she told Mr. C. that she was a New York State resident at the time of their relationship. The petitioner does not specify when or why she and the child came back to New York State. There is no information provided as to what, if any, acts Mr. C. took that either directly or indirectly caused Ms. H. and the child to move to New York State.
In essence, the court is left with basic allegations that (1) Mr. C. engaged in sexual intercourse with Ms. H. in the State of Louisiana approximately 19 years ago; (2) approximately 19 years ago, he stated to Ms. H. that he was from Brooklyn, New York, and still considered that his home; (3) a child was born *981 as a result of the intercourse; and (4) approximately 19 years later Ms. H. and the child are found to be residing in the State of New York. On these facts, the court cannot conclude that Mr. C. committed any acts or issued any directives which caused the child to reside in New York. Therefore, there is no statutory basis for jurisdiction over Mr. C.
In the alternative, even if these facts fell within the scope of the statute, attempting to exercise jurisdiction over Mr. C. would be a violation of his due process rights under the United States Constitution. (See, Kulko v Superior Ct., 436 US 84 [1978], supra [California did not have personal jurisdiction over New York father who arranged or acquiesced in child’s relocation to live with mother in California]; see also, Paula M.S. v Neal A.R., 226 Wis 2d 79, 593 NW2d 486 [1999] [no constitutional basis to establish jurisdiction (in a paternity case) when respondent did nothing to purposely avail himself of the privileges of conducting personal or business activities within the State]; Windsor v Windsor, 45 Mass App Ct 650, 700 NE2d 838 [1998] [holding father had insufficient contacts within Massachusetts for Massachusetts to exercise jurisdiction pursuant to Massachusetts General Laws Annotated, chapter 209D, § 2-201 (5)]; In re Zinke, 967 P2d 210 [Colo 1998] [voluntary agreement by ex-wife to allow child to reside in Colorado with ex-husband did not allow Colorado to exercise personal jurisdiction over ex-wife under the provisions of Uniform Interstate Family Support Act].)
Accordingly, the objections of the petitioner are hereby denied and the order of the Hearing Examiner dated May 5, 2000 is hereby affirmed.