933 So.2d 610 (2006)
Genevieve Dufeal BOUQUETY, Appellant,
v.
Cedric BOUQUETY, Appellee.
No. 3D05-434.
District Court of Appeal of Florida, Third District.
June 28, 2006.
*611 Clyne & Self, and Reginald J. Clyne, Miami, for appellant.
Betsy Warwick, for appellee.
Before GREEN, SHEPHERD and ROTHENBERG, JJ.
SHEPHERD, J.
Petitioner, Genevieve Dufeal Bouquety, appeals a final order of the Miami-Dade Circuit Court dismissing all proceedings brought by her against the respondent former husband to enforce the payment of child support arrearages and attorney fees on the ground the court lacked subject matter jurisdiction.
The issue presented is whether either of two purported modifications to a Miami-Dade Circuit Court child support order one entered by the Civil Court of Port-au-Prince, Haiti and the other by the Fort-de-France District Court in Martinique ousted the circuit court of jurisdiction to enforce its previously entered orders awarding child support and attorney fees. We hold that neither order disturbed the jurisdiction of the Miami-Dade court to enforce the arrearages and attorney fees in this case and, therefore, reverse the trial court's dismissal.

DISCUSSION
Our resolution of this case requires us to construe section 88.2051 of the Uniform Interstate Family Support Act (UIFSA), §§ 88.XXXX-XXXX, Fla. Stat. (2000). UIFSA has been adopted by every state in the United States.[1]
Under UIFSA as adopted in Florida, the effect of a purported modification of a child support order issued by a court located in a foreign country is governed by sections 88.2051(2) and (3) of the Florida Statutes.[2] Insofar as relevant to our discussion, these sections read:
(2) A tribunal of this state issuing a child support order consistent with the law of this state may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to this act or a law substantially similar to this act.
(3) If a child support order of this state is modified by a tribunal of another state pursuant to this act or a law substantially similar to this act, a tribunal of this state loses continuing exclusive jurisdiction with regard to prospective enforcement of the order issued in this state, and may only:
(a) Enforce the order that was modified as to amounts accruing before the modification[.]
§ 88.2051(2)-(3)(a), Fla. Stat. (2000).
A plain reading of these sections reveals that a tribunal, such as the Miami-Dade *612 Circuit Court, that issues a child support order, may not modify or enforce its own order if the order has been modified by a tribunal of another state pursuant to a law substantially similar to a law of this state. However, if a qualifying order is entered by another state, the issuing tribunalthe Miami-Dade Circuit Court in this caseretains prospective jurisdiction to enforce amounts accruing before modification by the court in the other state. Of course, a foreign tribunal entering a modification order must be possessed of both subject matter jurisdiction to enter the order and personal jurisdiction over all nonresident respondents against who the order is intended to apply. See Whipple v. JSZ Fin. Co., 885 So.2d 933 (Fla. 4th DCA 2004) (full faith and credit will not be afforded a judgment of a foreign court if the foreign court lacked either personal or subject matter jurisdiction); Rains v. Washington, Dep't of Soc. & Health Servs., 98 Wash.App. 127, 989 P.2d 558, 562 (2000) ("[a] judgment is valid if the court had jurisdiction, there was notice, and the court was competent"); § 88.2011(1), Fla. Stat. (2000) (providing for broad jurisdiction over nonresidents to establish, enforce, or modify support orders consistent with the constitution).[3]
In this case, the Miami-Dade Circuit Court child support order was first in time, having been entered by a special master on July 25, 2000, and confirmed by the circuit court on September 1, 2000. The Miami-Dade support order called for a monthly payment of $1,000 by the respondent to the petitioner effective as of July 1, 2000. Petitioner also was awarded $14,850 for legal fees incurred securing the support award. At the time of these proceedings, petitioner, respondent, and the minor child, all French nationals, resided in Miami-Dade County as a consequence of respondent's temporary assignment to South Florida by his employer from the family's permanent home in Martinique.[4]
Rather than faithfully comply with these orders, however, respondent in November 2000 filed for dissolution of marriage and modification of the Miami-Dade child support order in the Civil Court of Port-au-Prince, Haiti, where he by then had been transferred. The parties dispute whether the Haitian court acquired jurisdiction over petitioner because she and her son returned to Martinique at the time of respondent's transfer. Nevertheless, in April 2001, the Haitian court entered a decree dissolving the parties' marriage and, two months later, reduced respondent's child support obligation to the U.S. equivalent of approximately $400 per month. Petitioner retaliated with a petition on her own turf in the Fort-de-France District Court in Martinique for a determinacy of parentage and award of child support in the increased sum of approximately *613 $3,000 per month U.S. equivalent. On March 16, 2004, the Martinique court established paternity and ordered the respondent to pay petitioner, for the benefit of the child, 790 euros per month, which at the time equated to a monthly support payment almost identical to that awarded by the lower court here.
The Petitioner alleges the respondent failed to make several monthly payments due under the Florida child support award prior to the entry of the June 2001 modification by the Civil Court of Port-au-Prince, and also seeks recovery in Florida of the monthly difference between the Florida and Haitian court awards of approximately $600 per month from June, 2001 until March 16, 2004, when the Martinique court intervened. Petitioner makes no deficiency claim for any period after March 16, 2004.
The circuit court dismissed the petitioner's enforcement proceedings on the ground that her Fort-de-France District Court filing in Martinique divested the Miami-Dade Circuit Court of jurisdiction over its child support order. We conclude the court below erred in dismissing petitioner's enforcement proceedings for two reasons: (1) respondent failed to prove the Martinique order was entered pursuant to a law substantially similar to UIFSA, Speedway SuperAmerica, L.L.C. v. Dupont, 933 So.2d 75, 88 (Fla. 5th DCA 2006) ("[a]ny doubt about subject matter jurisdiction is resolved against the moving party"); and, (2) even if it was, UIFSA allows the issuing court, Florida, to enforce its child support order "as to amounts accruing before the modification." See § 88.2051(3), Fla. Stat. (2000).
We also reject the respondent's argument that the purported Haitian court modification affects the jurisdiction of the court below to afford relief to the petitioner, again for two reasons. First, we are possessed of grave doubt that the assertion by the Civil Court of Port-au-Prince of jurisdiction over the petitioner in that court comports with our notions of due process and fundamental fairness. See Whipple v. JSZ Fin. Co., 885 So.2d at 936; Rains v. Washington, 989 P.2d at 562. Second, even if petitioner was properly and appropriately haled into court in Haiti, respondent again offered no proof in our court that the Haitian modification order was entered pursuant to any law similar to UIFSA. See Speedway SuperAmerica, L.L.C. v. Dupont, 933 So.2d at 88.
For these reasons, we reverse the trial court's order dismissing petitioner's enforcement actions for lack of subject matter jurisdiction.
NOTES
[1] In 1996, Congress required all states to enact UIFSA by January 1, 1998. See 42 U.S.C.A. § 666(f) (West 1996). By the year 2000, UIFSA was in effect in all states. See Patricia W. Hatamyar, Interstate Establishment, Enforcement, and Modification of Child Support Orders, 25 Okla. City U. L. Rev. 511, 512 (2000).
[2] UIFSA includes foreign jurisdictions in the definition of a state. § 88.1011(19)(b), Fla. Stat. (2000). Domestically, the Full Faith and Credit for Child Support Orders Act, 28 U.S.C.A. § 1738B (West 2000), has pre-empted UIFSA with respect to modifications of child support orders rendered by another state of the United States. See Kramer v. Kramer, 698 So.2d 894 (Fla. 4th DCA 1997); State, Dep't of Revenue on Behalf of Skladanuk v. Skladanuk, 683 So.2d 624 (Fla. 2d DCA 1996). Because the modification orders here were issued by courts in other countries, the Full Faith and Credit for Child Support Orders Act does not apply to this case. 28 U.S.C.A. § 1738B(b) (West 2000).
[3] U.S. Const. art. XIV; Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104-05, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 463-64, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); World-Wide Volkswagen v. Woodson, 444 U.S. 286, 289-91, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). See, e.g., In re Paternity of Carlin L.S., 226 Wis.2d 79, 593 N.W.2d 486, 488 (1999); U.I.F.S.A. § 201 cmt., 9 (pt. IB) U.L.A. 275-77 (1999); id. Prefatory Note, 9 (pt. IB) U.L.A. 238-43 (1999) (the exercise of personal jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment of the United States Constitution). See also Rains v. Washington, 989 P.2d at 562.
[4] Petitioner also sought a decree of divorce in the court below. However, this portion of her petition was properly dismissed because neither party met Florida's residency requirement prior to the filing. See § 61.021, Fla. Stat. (2000). The parties do not dispute the trial court had jurisdiction to enter the Florida child support order. See § 88.2011, Fla. Stat. (2000).