OPINION OF THE COURT
Gerard E. Maney, J.
This case raises an issue of first impression. The issue is whether this court has jurisdiction over a nonresident father on child support and modification of child support petitions brought by the custodial mother, a resident of New York, where the only existent child support order is from New Hampshire. Father has submitted a motion to dismiss for want of jurisdiction, and petitioner mother has opposed the motion.
This matter first came before the court on mother’s petition for modification of an order made by another court, specifically mother sought to modify an order of the Superior Court, State of New Hampshire, which modified a judgment of divorce, dated February 4, 1988. The order modifying the judgment of divorce, dated March 23, 1990, reduced father’s child support obligation. Since that time, one of the two children for whom support was ordered has become emancipated under New Hampshire law, but the other child remains a charge of his parents until he turns 18 years old or graduates from high school, whichever occurs later, allegedly pursuant to New Hampshire law.
Subsequently, mother filed a support petition seeking support for the child at issue on the basis that she and the child are residents of New York and the support under the New Hampshire order was to expire on the child’s anticipated graduation from high school in New York in June 1998. Respondent father filed a motion to dismiss via an order to show cause seeking dismissal of both petitions on the ground that this court is without personal jurisdiction over father, a New Hampshire resident. Mother filed an affidavit in opposition to the motion to dismiss.
Father alleges that he has been a resident of New Hampshire for the last 26 years, and has never resided in New York. Nor was he served while in New York.
Mother, on the other hand, has resided in New York for approximately the last 10 years with the two children of the *187 union. Father has paid support for the two children during that time, pursuant to the New Hampshire orders. Mother now desires to seek the benefits of New York law that requires support be paid until the child is 21 years old or sooner emancipated. She simply argues in opposition to the motion that this court has jurisdiction under Family Court Act § 154 (former [b]).
Family Court Act § 154 (former [b]) provides for the exercise of long-arm jurisdiction over a nondomiciliary parent in a paternity or support proceeding where any one of six criteria is shown to exist. However, the Uniform Interstate Family Support Act (Family Ct Act art 5-B [UIFSA]), effective December 31, 1997 (see, Family Ct Act § 580-904), establishes clear rules for determining jurisdiction and vests the appropriate jurisdiction with what is known as “continuing, exclusive jurisdiction” (Family Ct Act § 580-611 [a] [2]). The intent is to determine the State which may exercise jurisdiction and then insure that the resultant order is recognizable and enforceable across the country. Multiple orders are to be avoided. The Act includes several provisions to encourage this result.
In order to prevent situations like the instant case from arising, where UIFSA is directly implicated, but the petitioning party seeks to confer jurisdiction on the court pursuant to Family Court Act § 154 (former [b]), the Legislature repealed section 154 (b), as of December 31, 1997. (Family Ct Act § 580-905.) Since the petitions in this case were both filed after the effective date of UIFSA, it is the UIFSA jurisdictional provisions which apply here. Those provisions are found at part 2.A of Family Court Act article 5-B, and are entitled, “Extended Personal Jurisdiction”.
Family Court Act § 580-201 is the primary statute. It establishes far-ranging, long-arm jurisdiction over nonresident respondents who may be responsible for support. It applies exclusively to a “regular” or nonreciprocal proceeding. Only New York is involved and, therefore, there is no necessity to send the proceeding to the State where respondent is found, and there is no need or ability for the “responding” State to establish support. If jurisdiction can be obtained under this statute, the Family Court possesses the authority to entertain the proceeding, determine liability, and enter a support decree which is enforceable on a national basis. (Sobie, 1998 Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 580-201, 1998 Supp Pamph, at 299-300.)
In order for this court to exercise jurisdiction over father to establish, enforce, or modify a support order, one of the following subdivisions of section 580-201 must apply:
*188 “(1) the individual is personally served with a summons and petition within this state;
“(2) the individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
“(3) the individual resided with the child in this state;
“(4) the individual resided in this state and provided prenatal expenses or support for the child;
“(5) the child resides in this state as a result of the acts or directives of the individual;
“(6) the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;
“(7) the individual asserted parentage in the putative father registry maintained in this state by the department of social services; or
“(8) there is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.”
However, there are no allegations, let alone proof, that any one of subdivisions (1) through (8) has been satisfied. Mother merely argues that there was long-arm jurisdiction under the latter part of section 154 (former [b] [4]) for which there is no comparable provision in section 580-201.
Accordingly, this court has no basis to assert personal jurisdiction over father under Family Court Act § 580-201 with respect to mother’s petition for child support. Therefore, it is dismissed.
The means by which mother may modify the New Hampshire order in New York is through the application of the UIFSA provisions addressing same. Part 6 of Family Court Act article 5-B, entitled “Enforcement and Modification of Support Order After Registration”, provides the statutory basis for modification.
Part 6.C of Family Court Act article 5-B outlines the specific procedures required for the registration and modification of child support orders from other States. Section 580-609 requires that a party seeking to modify such orders “shall register” the foreign order. There is no proof that the New Hampshire order has been registered as required. Therefore, this court’s inquiry is ended, and mother’s petition to modify must be dismissed.
*189 Even if the New Hampshire order had been properly registered in New York, and even if this court had personal jurisdiction over father, the order could only be modified if the requirements of section 580-611 were met. (Family Ct Act § 580-610.) Under that statute, a modification may occur only if section 580-613 does not apply and it is found after a hearing that (1) (i) the child, obligee, and obligor do not reside in the issuing State (New Hampshire in this case), (ii) the petitioner is a nonresident of this State who seeks modification, and (iii) the respondent is subject to the personal jurisdiction of this State; or (2) the child or a party is subject to the personal jurisdiction of this State and all of the parties have filed written consents in the issuing court for a court of this State to modify the order and assume continuing, exclusive jurisdiction. (Family Ct Act § 580-611 [1], [2].) The proof does not demonstrate that a modification would be possible in New York even if the order had been registered as required. Furthermore, mother has not asserted sufficient grounds for modification.
Father’s motion to dismiss for lack of jurisdiction is granted in its entirety; both of mother’s pending petitions are dismissed.