In the Matter of SANDRA D. HAUGER, Appellant, v ROBERT E. HAUGER, Respondent. [683 NYS2d 771] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Oswego County Family Court for further proceedings on the petition in accordance with the following Memorandum: Petitioner, a New York resident, is the custodial parent of two children, Daniel and Jimmy. Respondent, a Nevada resident, is under an order issued by a Nevada court for the support of the children until they are 18 years of age (*see,* Nev Rev Stat § 125.510 [9] [b]). That order resulted from a petition filed in Oswego County Family Court on behalf of petitioner pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A [repealed, eff Dec. 31, 1997]). The present petition for child support pursuant to Family Court Act article 4 was filed in Family Court in August 1997, when Daniel was 19 and Jimmy was 17, and both were about to enter college. Petitioner seeks child support under New York law until the children are 21 years old (*see,* Domestic Relations Law § 236 [B] [1] [f]; Family Ct Act § 413).

The Hearing Examiner dismissed the petition without prejudice pursuant to the Full Faith and Credit for Child Support Orders Act ([Act] 28 USC § 1738B). Pursuant to the Act, as long as respondent is a resident of Nevada, only a Nevada court may modify the Nevada order (*see,* 28 USC § 1738B [d], [e] [2] [A]).

In her objections to the Hearing Examiner's order, however, petitioner asserted that she seeks child support for the period after the expiration of the Nevada order, not a modification of

the Nevada order. Family Court properly denied that objection with respect to Jimmy, the younger child. The present petition was prematurely filed with respect to him because, as of the date of the petition, the Nevada order remained effective and subject to modification only by a Nevada court (*see, Ramacciotti v Ramacciotti*, 106 Nev 529, 795 P2d 988). In New York, any order of child support would be effective no later than the date on which the petition was filed (Family Ct Act § 449 [2]). Because the Nevada order has expired with respect to Daniel, however, any order entered by a New York court with respect to him will not affect the amount, scope or duration of the Nevada order. Thus, the present petition with respect to Daniel is not barred by the Act. Our determination is supported by the stated purposes and legislative history of the Act (*see,* Pub L 103-383, § 2, 108 US Stat 4064). We therefore modify the order by sustaining in part the objections to the order of the Hearing Examiner and reinstating the petition with respect to Daniel, and we remit the matter to Oswego County Family Court for further proceedings on the petition. (Appeal from Order of Oswego County Family Court, Roman, J.—Support.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.