OPINION OF THE COURT
Spero Pines, J.
*574 James A. Goodison, by and through his attorney, Kurt Schrader, Esq., filed written objections with this court on February 16, 2000, challenging the decision and order issued by Hearing Examiner Robert J. Eberz which was entered on January 13, 2000. Michele Goodison, by and through her attorney, Michael Sullivan, Esq., filed objections to the same decision on February 17, 2000.
Michele Goodison’s response to James Goodison’s objections was filed on March 2, 2000. James Goodison’s response to Michele Goodison’s objections was filed on March 3, 2000.
Since the Family Court Act requires, as a condition precedent to consideration thereof, that such responses must be filed and served within 13 days of service of the objections (in this case, by Feb. 29, 2000 for Michele Goodison’s response and Mar. 1, 2000 for James Goodison’s response) neither response was considered in reviewing the written objections. (Family Ct Act § 439 [e].)
Specifically, Mr. Goodison argues that the court was not permitted to enter an order of support in the above matter, for to do so would be in contravention of the Full Faith and Credit for Child Support Orders Act (28 USC § 1738B). Mr. Goodison further asserts that the order is barred by Family Court Act §§ 580-207, 580-604 and 580-611, as well as article IV, § 1 of, and the Tenth Amendment to, the Constitution of the United States.
Mrs. Goodison, for her part, objects to the Hearing Examiner’s deviation from the presumptively correct amount of child support, resulting in an order of $80 per week.
The record reflects that the parties were married in the State of New York in 1977. The child for whom support is claimed, Erinn Goodison (date of birth Apr. 21, 1981), was born in the State of New York to the parties during the course of their marriage. In September 1986, Mr. Goodison, who had moved from New York to the State of Connecticut, obtained a Connecticut divorce which set his child support obligation in the amount of $50 per week. Mrs. Goodison and Erinn remained residents of New York State.
Sometime subsequent to the divorce, it appears that Mr. Goodison relocated again, this time to the State of Florida. Mrs. Goodison sought to enforce the existing order and to collect arrears of $3,450 through a Uniform Support for Dependents Law (Domestic Relations Law former art 3-A [USDL]) proceeding filed in January of 1992, which petition was directed to the State of Florida. In September of 1992, the Florida court *575 entered an order of support for Erinn in the amount of $225 per month along with $20 per month arrears.
It is unclear exactly when, but at some point, Mr. Goodison left the State of Florida and returned to the State of Connecticut. In November of 1994, the State of Connecticut modified the Florida order, reducing it to $50 per week plus $10 per week on arrears of $3,363.76. On April 27, 1999, the State of Connecticut informed the Broome County Family Court that the child support order in question had been satisfied and, due to the age of the child, had expired under operation of Connecticut’s law on April 21, 1999 (Erinn’s 18th birthday).
The instant petition was filed on June 22, 1999, after the expiration of the Connecticut order. This court accepts the reasoning set forth in the case of Matter of Hauger v Hauger (256 AD2d 1076 [4th Dept 1998]), which held that a New York child support order made after the expiration of another State’s order does not serve to modify that State’s order.
The facts in the instant case are compelling in light of the policy of this State with respect to child support. This child was conceived and born in New York to parents who had married and lived in New York, and she along with her mother have remained New York residents. While the state of child support law, prior to the adoption of the Uniform Interstate Family Support Act (found at Family Ct Act §§ 580-101 — 580-905), often resulted in the practical necessity of New York custodial parents seeking support orders from whatever State or States the noncustodial parent chose as residence, that remedy was always considered a supplemental remedy. Under prior law, the petitioner was never precluded from bringing a “local” support petition (which would continue until the child’s 21st birthday), either in addition to or instead of a USDL proceeding. It has been, and remains, an important policy of this State that New York children are entitled to be supported by both parents until the age of 21. (Family Ct Act § 413 [1] [a].)
Here, as of April 21, 1999, there was no other order to modify and the decision and order of the Hearing Examiner entered January 13, 2000 was the appropriate disposition of the original child support petition filed June 22, 1999.
As to the deviation from the presumptively correct amount of child support, the court finds that the record supports the discretion exercised by the Hearing Examiner.
For the foregoing reasons, it is hereby ordered that James A. Goodison’s objections to the Hearing Examiner’s decision *576 entered January 13, 2000 are denied; it is further ordered that Michele Goodison’s objections to the Hearing Examiner’s decision entered January 13, 2000 are denied.