In the Matter of SANDRA D. HAUGER, Appellant, v ROBERT E. HAUGER, Respondent. [713 NYS2d 425] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Oswego County Family Court for further proceedings on the August 1997 petition in accordance with the following Memorandum: Family Court properly denied the objections to the January 15, 1999 order of the Hearing Examiner dismissing the January 1999 petition for the support of the parties' younger son. The Hearing Examiner dismissed that petition for lack of personal jurisdiction over respondent, a Nevada resident. None of the criteria set forth in Family Court Act § 580-201 is applicable here. Petitioner contends that there is personal jurisdiction because respondent has paid child support while the child was living in New York. That support, however, was paid pursuant to a Nevada support order, which has since expired (*see, Matter of*

*Hauger v Hauger*, 256 AD2d 1076). We conclude that the payment of child support in this State pursuant to the support order of another State is not a "basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction" (Family Ct Act § 580-201 [8]; *see, Birdsall v Melita*, 260 AD2d 809, 810-811, *lv denied* 93 NY2d 812; *see also, Kulko v Superior Ct.*, 436 US 84, *reh denied* 438 US 908).

The court erred, however, in failing to grant the objections to the January 13, 1999 order of the Hearing Examiner dismissing the August 1997 petition for the support of the parties' older son. Respondent's January 30, 1998 letter to the court constituted an appearance (*see, Meyer v A & B Am.*, 160 AD2d 688, 689) and was sufficient to confer personal jurisdiction for the purposes of that proceeding (*see,* CPLR 320 [b]; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C320:2, at 492). Unlike the California domiciliary in *Matter of Katz* (81 AD2d 145, 147, *affd* 55 NY2d 904), respondent clearly indicated a desire to participate in the proceedings without jurisdictional objection. We therefore modify the order by granting the objections to the January 13, 1999 order of the Hearing Examiner, vacating that order of the Hearing Examiner and reinstating the August 1997 petition, and we remit the matter to Oswego County Family Court for further proceedings on that petition. (Appeal from Order of Oswego County Family Court, Hafner, Jr., J.—Support.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Balio, JJ.