■ In the Matter of LEONARD H. and Another, Children Alleged to be Permanently Neglected. SULLIVAN COUNTY DEPARTMENT OF FAMILY SERVICES, Respondent; MICHAEL H., Appellant. [717 NYS2d 779] —Peters, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered January 12, 2000, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

As a result of petitioner's investigation, twin boys (born in June 1997), who sustained life-threatening traumatic injuries while residing in their home with their mother and respondent, were removed by petitioner and placed in the temporary

custody of their paternal grandparents by order of Family Court dated October 17, 1997. By order dated July 7, 1998, the court found that respondent abused the children[1] and, after a dispositional hearing, awarded custody to the paternal grandparents pursuant to Family Court Act § 1056 (2). It further ordered the provision of preventive services in the paternal grandparent's home and mandated cooperation with petitioner to enforce all orders of protection entered by the court. One such order prohibited respondent, convicted of five counts of assault in the first degree and two counts of endangering the welfare of a child and sentenced to two consecutive determinate terms of imprisonment of 25 years each,[2] from communicating with the children until they became 18 years of age.

In August 1999, petitioner commenced this permanent neglect proceeding against respondent pursuant to Social Services Law § 384-b. At the conclusion of a fact-finding hearing, Family Court determined that respondent had permanently neglected the children and that due to the order of protection, coupled with his sentence of incarceration spanning their minority, petitioner did not have any obligation to perform diligent efforts to reunite them. In its decision, the court noted that although the children were not in the care and custody of petitioner, the proceeding was properly instituted since the children were originally removed from respondent's care and placed in foster care for approximately one month until it ordered their placement with their paternal grandparents. Respondent appeals, solely asserting that the court did not have jurisdiction to terminate respondent's parental rights since the children had not been under the care of an "authorized agency" at the institution of this proceeding.

While we agree that an "order issued without subject matter jurisdiction is void, and that [such] defect may be raised at any time" (*Editorial Photocolor Archives v Granger Collection*, 61 NY2d 517, 523; *see, Lacks v Lacks* 41 NY2d 71, 75), the issue here addresses not the competence of Family Court to adjudicate this permanent neglect proceeding (*see*, Social Services Law § 384-b [3] [c], [d]), but the "power to render a judgment on the merits" (*Lacks v Lacks, supra*, at 75). Distilling to an issue of standing which, unlike subject matter jurisdiction, is waivable (*see, Editorial Photocolor Archives v Granger Collection, supra*, at 523; *Matter of Joseph H.*, 211 AD2d 586), we find that the failure to have challenged the issue of standing

---

1. On September 17, 1998, Family Court also made a finding of abuse against the mother.
2. Such conviction was later affirmed by this Court.

before Family Court renders it waived, thereby precluding our review (*see, General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, *lv denied* 79 NY2d 759).

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.