■ In the Matter of ANNE Y. AUCLAIR, Respondent, v GEORGE A. BOLDERSON, Appellant. (And Two Other Related Proceedings.) [775 NYS2d 121]—

Mercure, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered December 14, 2001 in Albany County, which, inter alia, modified a prior order of support, and (2) from an order of the Family Court of Albany County (Duggan, J.), entered December 20, 2002, which, inter alia, partially granted petitioner's applications, in three proceedings pursuant to Family Ct Act article 4, to enforce and modify a prior order of support.

Petitioner and respondent were divorced in 1987. Pursuant to a judgment entered in Florida, the Circuit Court of Okaloosa County granted petitioner physical custody of the parties' two children and ordered that respondent pay child support of $200 per month per child until the children reached 18 years of age. During the divorce proceedings, petitioner and the children moved to New York. Respondent moved to Missouri after the divorce.

In 1994, respondent, by order to show cause, sought to hold petitioner in contempt of court for violating a 1993 order of protection issued by Supreme Court. Upon petitioner's cross motion to modify child support, Supreme Court (Spain, J.) is-

sued a temporary order increasing respondent's support obligation (hereinafter the 1994 order). In 1995, Supreme Court (Teresi, J.) issued a final order (hereinafter the 1995 order) following the terms of the 1994 order. Respondent appeals from the 1995 order, which was not entered until 2001.

In 1998, petitioner sought to modify the Florida judgment to extend the duration of support until the parties' children reached 21 years of age. A Support Magistrate dismissed the petition for modification on the ground that the duration of support is governed by the law of Florida, as the state issuing the divorce judgment.

In 2002, petitioner filed two petitions seeking enforcement of the 1995 order and an upward modification of child support. Petitioner also commenced a separate proceeding seeking a new order of support for the parties' daughter Rebecca. Petitioner argued that the Florida judgment and 1995 order expired when Rebecca reached her 18th birthday and, thus, the new support proceeding was not governed by the terms of that judgment. Respondent challenged the petitions, arguing that New York did not have personal jurisdiction over him or subject matter jurisdiction to modify the Florida judgment. A Support Magistrate rejected respondent's arguments, granted the petitions seeking enforcement and modification, and dismissed the separate petition for an order of support for Rebecca as moot. Family Court subsequently dismissed respondent's objections regarding jurisdiction. Respondent also appeals from that order.

Respondent argues that this state's courts lack subject matter jurisdiction to modify the Florida judgment by operation of two statutes—the Federal Full Faith and Credit for Child Support Orders Act (hereinafter FFCCSOA) (*see* 28 USC § 1738B) and the Uniform Interstate Family Support Act (hereinafter UIFSA) (*see* Family Ct Act § 580-101 *et seq.*). FFCCSOA "follow[s] the contours of UIFSA" (*LeTellier v LeTellier*, 40 SW3d 490, 498 [Tenn 2001]), which is in effect in all 50 states. The two statutes have complementary goals. UIFSA is intended "to eliminate the problems arising from multiple support orders from various States by providing for one tribunal to have continuing and exclusive jurisdiction to establish or modify a child support order" (*Matter of Reis v Zimmer*, 263 AD2d 136, 141 [1999]). FFCCSOA requires that states give full faith and credit to out-of-state child support orders and restrains states from modifying those out-of-state orders except in limited circumstances (*see id.* at 142). The two statutes are to be read together, and their "parallel jurisdictional provisions . . . provide a virtually iron-clad structure for" enforcing or modifying an out-of-state

child support order (Sobie, Practice Commentaries, Introductory Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act art 5-B, at 204-205; *see Matter of Reis v Zimmer, supra* at 141).

Initially, both FFCCSOA and UIFSA grant "continuing, exclusive jurisdiction over" a child support order to the state that issued the order (28 USC § 1738B [d]; *accord* Family Ct Act § 580-205 [a], [d]). The issuing state loses such jurisdiction where, as here, none of the parties or children continues to reside in that state (*see* 28 USC § 1738B [e] [2] [A]; Family Ct Act § 580-205 [a] [1]). The issuing state will also be deprived of continuing, exclusive jurisdiction when all parties file written consents that allow another state to assume continuing, exclusive jurisdiction over the order (*see* 28 USC § 1738B [e] [2] [B]; Family Ct Act § 580-205 [a] [2]).

The absence of such continuing, exclusive jurisdiction, however, while an essential prerequisite, does not, by itself, confer upon another state the power to modify the child support order (*see* 28 USC § 1738B [e] [2]). If no written consent to the change in jurisdiction has been filed, FFCCSOA requires that the modifying state have personal jurisdiction over the nonmoving party (*see* 28 USC § 1738B [e] [1]; [i]). Additionally, "the party or support enforcement agency seeking to modify, or to modify and enforce [the initial order must] register that order" with the modifying state (28 USC § 1738B [i]; *see* 28 USC § 1738B [e] [1]).

UIFSA also requires that the initial child support order be registered in the modifying state (*see* Family Ct Act § 580-611 [a]). UIFSA then confers subject matter jurisdiction upon the modifying state if the issuing state was deprived of continuing, exclusive jurisdiction by virtue of the written consent of the parties (*see* Family Ct Act § 580-611 [a] [2]). If no such consent exists, however, UIFSA requires that: (1) none of the parties or children continues to reside in the issuing state; (2) the party seeking modification is not a resident of the modifying state; and (3) the nonmoving party is subject to personal jurisdiction in the modifying state (*see* Family Ct Act § 580-611 [a] [1]).

With this framework in mind, we find that New York courts lack subject matter jurisdiction to either modify the Florida judgment or to subsequently enforce that modification.[1] Pursuant to UIFSA and FFCCSOA, Florida lost "continuing, exclusive jurisdiction" over its judgment by virtue of the fact that neither

---

1. Although UIFSA and FFCCSOA were enacted in 1997 and 1994, respectively, we need not reach the question of whether UIFSA applies retroactively to the 1995 order inasmuch as that order did not become effec-

the parties nor the children continued to reside there (28 USC § 1738B [d]; *see* Family Ct Act § 580-205 [a] [1]; Fla Stat § 88.2051 [1]; *Matter of Daknis v Burns*, 278 AD2d 641, 643-644 [2000]). As such, the courts of a nonissuing state may modify the judgment if it has been registered in that state and certain other criteria have been met (*see* 28 USC § 1738B [i]; Family Ct Act § 580-611 [a]). Here, petitioner failed to demonstrate that the Florida judgment was registered in New York. In itself, this failure to prove registration prevents New York courts from obtaining subject matter jurisdiction under both UIFSA and FFCCSOA (*see* 28 USC § 1738B [i]; Family Ct Act §§ 580-601, 580-603, 580-611; *Matter of Chisholm-Brownlee v Chisholm*, 177 Misc 2d 185, 188 [1998]).

Additionally, because petitioner and the children are residents of New York, "all of the parties [must] have filed written consents [in the Florida court to allow New York courts] to modify the support order and assume continuing, exclusive jurisdiction over the order" under UIFSA (Family Ct Act § 580-611 [a] [2]; *see* Family Ct Act § 580-205 [a] [2]; Uniform Interstate Family Support Act [1996] § 611, official comment, 9 [part 1] ULA 348, 430-431 [Supp 1999]).[2] There is no indication in the record, however, that the parties have filed any documents in the Florida Circuit Court consenting to New York's jurisdiction (*see* *State ex rel. Havlin v Jamison*, 971 SW2d 938, 939-940 [Mo App 1998]). Thus, under UIFSA and FFCCSOA, both Supreme Court and Family Court lacked subject matter jurisdiction to modify the Florida judgment. Accordingly, the courts erred in failing to dismiss the petitions seeking modification of the Florida judgment and enforcement of the modifications (*see* *Editorial Photocolor Archives v Granger Collection*, 61 NY2d 517, 523 [1984]; *Matter of Leonard H.*, 278 AD2d 762, 763 [2000], *lv denied* 96 NY2d 709 [2001]).

With respect to the separate 2002 petition seeking a new support order for Rebecca, we agree with respondent that Family Court lacked personal jurisdiction over him. While respondent, through his appearance, consented to personal jurisdiction in the proceedings that led to the 1994 and 1995 orders modifying the Florida judgment (*see* Family Ct Act § 154 [b]; §§ 580-201, 580-205; *Matter of Maciel [Horovitz]*, NYLJ, Sept. 24, 1999, at 27, col 6; *Jurado v Brashear*, 782 So 2d 575, 579 [La 2001]), he

---

tive until its 2001 entry (*see* *Foley v Fitzpatrick Container Co.*, 267 AD2d 637, 637-638 [1999]; *Low v Peach*, 179 AD2d 1094 [1992]).

2. It should be noted that if both parties resided in New York, there would be jurisdiction to enforce and to modify an order issued in another state (*see* Family Ct Act § 580-613 [a]).

disputed Family Court's exercise of personal jurisdiction over him in the separate 2002 proceeding seeking a new order of support for Rebecca. Given that he did not appear other than to dispute Family Court's exercise of personal jurisdiction over him, respondent did not consent to personal jurisdiction with regard to petitioner's commencement of a new proceeding for a support order (see Family Ct Act § 154 [b]; § 580-201 [2]; *El v Beard*, 795 NE2d 462, 465-466 [Ind App 2003]; *cf. Matter of Hauger v Hauger*, 275 AD2d 953, 953-954 [2000]). Therefore, the petition seeking a new support order for Rebecca was properly dismissed.

Respondent's remaining arguments are either academic or meritless.

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the order entered December 14, 2001 is reversed, on the law, without costs. Ordered that the order entered December 20, 2002, is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application for enforcement and modification; said petitions dismissed; and, as so modified, affirmed.