■ In the Matter of DEBORAH LINKSMAN, Respondent, v CHARLES LINKSMAN, Appellant. [792 NYS2d 164]—

In a proceeding to enforce the child support provisions of a Virginia divorce decree entered June 30, 1997, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Dounias, J.), dated March 9, 2004, as denied his objections to an order of the same court (Fields-Ferraro, S.M.) dated August 18, 2003, which, inter alia, awarded the petitioner child support arrears in the sum of $15,835.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the objections are sustained, the order dated August 18, 2003, is vacated, the petition is denied, and the proceeding is dismissed.

In 1997 the parties were divorced by a decree in the State of Virginia. Pursuant to the decree and a previously entered into settlement agreement, the father's child support obligation was the sum of $400 per month. In 2001 the Family Court, Kings County, modified the father's child support obligation by reducing his monthly support obligation to $0. In 2003 the mother commenced the instant proceeding in the Family Court, Suffolk County, to enforce the Virginia divorce decree and for an award of child support arrears. A Support Magistrate awarded the mother arrears in the sum of $15,835. The Family Court, inter alia, denied the father's objections to the award.

Because the mother failed to demonstrate that the Virginia decree was registered in New York, New York lacks subject matter jurisdiction (*see* 28 USC § 1738B [i]; Family Ct Act §§ 580-603, 580-611 [a]; *Matter of Auclair v Bolderson,* 6 AD3d 892, 894-895 [2004]). Accordingly, the Family Court should have denied the petition and dismissed the proceeding (*see Matter of Auclair v Bolderson, supra*).

The father's remaining contentions either are without merit or academic in light of our determination. Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.