Matter of Schottenstein v Schottenstein (2005 NY Slip Op 51422(U))

[*1]

Matter of Schottenstein v Schottenstein

2005 NY Slip Op 51422(U) [9 Misc 3d 1106(A)]

Decided on August 22, 2005

Family Court, New York County

Jurow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 22, 2005

Family Court, New York County
In the Matter of a Proceeding for Support Under Article 4 of the Family Court Act, Jill Schottenstein, Petitioner,
against
Steven Schottenstein, Respondent.
F-03279/04

Barry L. Goldstein, Esq.
486 Midland Avenue
Yonkers, New York 10704
Counsel for Petitioner
Baker & Hostetler LLP
By: Barry H. Wolinetz, Esq.
65 East State Street, Suite 2100
Columbus, Ohio 43215-4260
Counsel for Respondent

George L. Jurow, J.
This child support proceeding is a further example of a serious legal issue that has [*2]plagued courts on a nation-wide basis since the adoption of the Uniform Interstate Family Support Act (Article 5-B of New York's Family Court Act)("UIFSA"): Whether, under UIFSA, a parent and child who move from a state where the existing child support obligation terminated when the child turned 18, to a state that provides for support until the child is 21, may obtain a de novo child support order in the new jurisdiction.
Before the Court is an objection filed by the petitioner mother to an order entered by Support Magistrate Nicholas Palos, dismissing her support petition for lack of subject matter jurisdiction.
Petitioner commenced the support proceeding seeking an order from the Support Magistrate directing the respondent father to provide support for the parties' eighteen year old daughter. The respondent father challenged the jurisdiction of the Court (Magistrate) to enter such an order on the grounds that there is an existing child support order from the state of Ohio [FN1] and that pursuant to UIFSA and the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. §1738B ("FFCCSOA"), Ohio has continuing exclusive jurisdiction in this case and New York, accordingly, lacks jurisdiction to modify the Ohio order.
Upon careful consideration of the proceedings before the Support Magistrate herein, and the applicable law, this Court finds, for the reasons discussed below, that the petitioner's objection has merit and that the Support Magistrate erred in finding that this Court lacks subject matter jurisdiction to entertain the mother's application for child support. 
The history and purpose of UIFSA is clear and has been generally understood to create a "one-order" system of child support orders to replace the prior system which allowed for the same parties and child to be subject to multiple child support orders from different states. UIFSA establishes a procedure to determine which order should control and which court should have "continuing exclusive jurisdiction." FCA §§580-205(d), 207. Where a court has continuing exclusive jurisdiction, another state's court lacks jurisdiction to modify that court's order. The Support Magistrate agreed with the respondent's argument that the plain language of UIFSA and FFCCSOA establishes that Ohio has continuing exclusive jurisdiction in this case and that New York is thus precluded from modifying the duration of the Ohio order.
See Schottenstein v. Schottenstein, NYLJ, 6-2-05, p.18, col.3.
While this Court agrees with the Support Magistrate's views regarding the purpose and spirit of UIFSA and FFCCSOA, and finds that it is reasonable to interpret these statutes as intending that the original order should control the duration of the child support order in all situations, New York case law has consistently allowed for a different statutory interpretation and application. In Ferraro v. Nash, 293 AD2d 538, 739 N.Y.S.2d 838(2d Dept. 2002), the Appellate Division determined that New York had jurisdiction to issue a new child support order on behalf of a child who was less than 21 years of age after the original Florida child support [*3]order had expired. The Appellate Division's decision recited scant facts but cited two cases both as well involving parties seeking child support orders in New York for children between the ages of 18 and 21 after the expiration of the original State's support orders. Those courts clearly held that a New York child support order made after the expiration of another State's order does not serve to modify the duration of that State's order, but rather, is a de novo order. Goodison v. Goodison, 184 Misc 2d 573, 709 N.Y.S.2d 376 (Fam. Ct. Broome County, 2000); Hauger v. Hauger, 256 AD2d 1076, 683 N.Y.S. 2d 771 (4th Dept. 1998).
All these cases, arguably, do not further the "one-order" policy of UIFSA but, to the extent that they conflict with UIFSA's intent, they may do so for two reasons: (1) to serve the important policy of New York State that children are entitled to be supported by both parents until the age of twenty-one, See Family Court Act §413[1][a]; and (2) the language of UIFSA, as adopted by New York State, does not specifically act as a bar to the entry of successive child support orders. See Family Court Act §580-611.
This conflict between the New York case law and the statutory intent of UIFSAhas, in fact, been recognized by the drafters of UIFSA. Comments regarding a proposed amendment to section 611 of UIFSA (which has not been adopted in New York) state:

From its original promulgation UIFSA determined that the duration of child-support obligation [sic] should be fixed by the controlling order....If the language was insufficiently specific before the 2001 [sic], the amendments should make this decision absolutely clear....Some courts have sought to subvert this policy by holding that completion of the obligation to support a child through age 18 established by the now-completed controlling order does not preclude the imposition of a new obligation thereafter to support the child through age 21.... [Proposed] Subsection (d) is designed to eliminate these attempts to create multiple, albeit successive, support obligations.[FN2]
Whether it is "subversion" or a well-intentioned desire to have children in New York supported until age 21, it appears [*4]that, currently, the law in New York would require a finding that this Court has subject-matter jurisdiction in this case. Until other appellate courts, or the Court of Appeals, or the legislature of this State revisits this issue, and compels a different result, this Court is bound by an applicable appellate interpretation of the statute as determined in Nash. See Mountain View Coach Lines, Inc. v. Storms, 102 AD2d 663, 476 N.Y.S.2d 918 (2nd Dept.1984).
It is true, as noted by the Support Magistrate, that Nash did not contain much factual background, for example, whether the subject child's length of residence in New York is a critical variable in the court's analysis.[FN3] Although Goodison suggests that the child's contacts with New York may be of significance,
that case emphasized as paramount the policy of New York to support children to age 21. The Support Magistrate's attempt to dismiss Nash (which was not a fact-based decision)as wrongly decided or at least analytically flawed ("...blindly applying [precedents]...no explanation for why the statute itself was ignored..."), and Goodison as well, is, ultimately, unpersuasive. Whether are not these cases are incorrect, or imperfect, is not the issue. Nash, which also refers back to Goodison, is controlling precedent. And, again, the clarifying amendments, whose purpose the Support Magistrate obviously strongly supports, have not been enacted in New York.
The apparent disconnect between the intent of UIFSA and the existing New York case law requires further debate. The legislature is, respectfully, encouraged to review this issue. But this Court, at the trial level, can not act unilaterally to resolve the issue. Cf. Sheetz v.Sheetz, 840 AD2d 1000, PA Super. 512 (Superior Ct. Of Penn. 2003).
To be clear, this court's decision is strictly limited to the issue of subject matter jurisdiction. Its does not address, for example, any issues of personal jurisdiction nor the ultimate merits, if any, of any potential support order.
 Therefore, for the reasons stated above, this Court finds that the Support Magistrate erred in dismissing the petition herein for lack of subject matter jurisdiction and grants the petitioner's objection. The matter is hereby remanded to the Support Magistrate for further proceedings.
So ordered.
Notify parties.

E N T E R :
[*5] George L. Jurow
Judge of the Family Court
[*6] 

Footnotes

Footnote 1:The Court accepts, for the purposes of this decision, that there is an Ohio child support order. This Order was entered on January 29, 2004 by the Court of Common Pleas, Franklin County, Ohio, Division of Domestic Relations. Although the order only required the respondent to provide medical insurance for the minor children, this qualifies as a "child support order" under the FFCCSOA, 28 U.S.C. §1738B (b) and UIFSA, FCA §580-101 (21). 

Footnote 2:Drafting Committee for Amendments to the Uniform Interstate Family Support Act, December 2001.

Footnote 3:The child at issue here, while currently a New York resident, was born and raised in Ohio and the subject of lengthy litigation in the Ohio courts.