■ In the Matter of DEBORAH LINKSMAN, Respondent, v CHARLES LINKSMAN, Appellant. [804 NYS2d 265]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Dounias, J.), dated August 18, 2004, which denied his objections to an order of the same court (Fields-Ferraro, S.M.) dated April 7, 2004, granting the mother's petition for an upward modification of child support and increasing his child support obligation to $299 a month.

Ordered that the order is reversed, on the law, without costs or disbursements, the objections are sustained, the order dated April 7, 2004, is vacated, the petition is denied, and the proceeding is dismissed.

The parties were divorced by decree in the State of Virginia which, inter alia, directed the father to pay child support. In a prior appeal, this Court determined that the Family Court did not have subject matter jurisdiction to consider the mother's previous petition to enforce the child support provisions of the Virginia divorce decree, as she failed to demonstrate that the decree was registered in New York (*see Matter of Linksman v Linksman*, 16 AD3d 588 [2005]; 28 USC § 1738B [i]; Family Ct Act §§ 580-603, 580-611 [a]).

Therefore, inasmuch as the Family Court continues to lack subject matter jurisdiction, the court should have denied the instant petition and dismissed the proceeding (*see Matter of Linksman v Linksman, supra*).

The parties' remaining contentions are academic in light of our determination. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.