■ In the Matter of Susan Spencer, Respondent, v James Spencer, Appellant. [825 NYS2d 818]—

Mercure, J.P. Appeals (1) from an order of the Family Court of Albany County (Walsh, J.), entered March 2, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child sup-

port, and (2) from two orders of said court, entered March 2, 2006, which awarded petitioner counsel fees.

The parties, who divorced in 1995, are the parents of three children, Kipp (born in 1986), Tyler (born in 1988), and Kelly (born in 1992). Pursuant to a judgment entered in Connecticut, the Superior Court of Connecticut granted petitioner physical custody of the children and directed respondent to pay child support of $750 per week—i.e., $250 per child—until the children reached 18 years of age. Petitioner and the children moved to New York, where they currently reside. Respondent continues to reside in Connecticut.

After Kipp reached age 18, petitioner commenced this proceeding seeking a new order of support, arguing that the Connecticut judgment had expired with respect to Kipp. A Support Magistrate granted the petition and ordered respondent to pay child support for Kipp in the amount of $350 per week, as well as 75% of unreimbursed medical expenses and college expenses, and awarded petitioner counsel fees. Both parties filed objections. Family Court denied respondent's objections and, in two separate orders, granted petitioner's objections by increasing the amount of counsel fees awarded to $9,597. Respondent appeals from all three of Family Court's orders and we now affirm.

Respondent's sole argument on appeal is that Family Court lacked subject matter jurisdiction to grant a new support order for Kipp under the federal Full Faith and Credit for Child Support Orders Act (*see* 28 USC § 1738B [hereinafter FFCCSOA]) and the Uniform Interstate Family Support Act (*see* Family Ct Act § 580-101 *et seq.* [hereinafter UIFSA]). Specifically, respondent characterizes Family Court's support award as modifying the duration of the prior Connecticut judgment directing child support payments only until Kipp reached age 18, and asserts that New York courts lack the power to make any such modification because the requirements of FFCCSOA and UIFSA were not met. We disagree.

Under both FFCCSOA and UIFSA, a state that issues a child support order has "continuing, exclusive jurisdiction over the order" unless none of the parties or children continues to reside in the state or all parties have filed consents permitting another state to modify the order and assume exclusive jurisdiction (28 USC § 1738B [d]; *accord* Family Ct Act § 580-205 [a]). Thus, as respondent asserts, because he continues to reside in Connecticut and has not consented to allow New York courts to assume jurisdiction, Connecticut has exclusive subject matter jurisdiction over the matter and Family Court did not have the author-

ity to *modify* the Connecticut judgment (*see* 28 USC § 1738B [e]; Family Ct Act § 580-611 [a]; *Matter of Batesole-Harmer v Batesole*, 28 AD3d 551, 551 [2006]; *Matter of Daknis v Burns*, 278 AD2d 641, 643-644 [2000]; *Matter of Reis v Zimmer*, 263 AD2d 136, 143 [1999], *amended* 270 AD2d 968 [2000]).*

In the instant case, however, Family Court did not modify the Connecticut judgment. Rather, the court recognized that modification is possible only during the life of an order and, because the Connecticut judgment had expired when Kipp reached age 18, there was no existing order to modify (*see* Sobie, 1999 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 580-611, 2006 Pocket Part, at 76 ["Modification is of course possible only during the life of a decree. Once expired it cannot be modified; hence (s)ection( ) . . . 580-611 (is) inapplicable"]). Put another way, "[b]ecause the [Connecticut judgment] has expired with respect to [Kipp], . . . any order entered by a New York court with respect to him will not affect the amount, scope or duration of the [Connecticut judgment]" (*Matter of Hauger v Hauger*, 256 AD2d 1076, 1077 [1998]; *see Matter of Ferraro v Nash*, 293 AD2d 538, 539 [2002]; *Matter of Schottenstein v Schottenstein*, 9 Misc 3d 1106[A], 2005 NY Slip Op 51422[U], *2-4 [2005]; *Goodison v Goodison*, 184 Misc 2d 573, 575 [2000]; *see generally* 28 USC § 1738B [b] [defining "modification" as "a change in a child support order that affects the amount, scope, or duration of the order and modifies, replaces, supersedes, or otherwise is made subsequent to the child support order"]; *but see Sheetz v Sheetz*, 840 A2d 1000, 1003 [Pa 2003]).

While respondent correctly asserts that a proposed 2001 amendment to UIFSA would expressly prohibit "imposition of a further obligation of support" by another state once the issuing state's support order expired (Unif Interstate Family Support Act [2001] § 611 [d]), the federal statute, FFCCSOA, has not been so amended and the New York Legislature—the body whose intent we must seek to effectuate in interpreting Family Ct Act § 580-611 (*see e.g. Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998])—has not adopted the

---

* Moreover, even assuming that Connecticut had lost jurisdiction and the necessary prerequisites to confer jurisdiction on New York were present here (*see Matter of Auclair v Bolderson*, 6 AD3d 892, 894 [2004], *lv denied* 3 NY3d 610 [2004]), we note that Family Court "may not modify any aspect of a child support order that may not be modified under the law of the issuing state," including extension of the duration of the order beyond the age mandated by the issuing state (Family Ct Act § 580-611 [c]; *see Sheetz v Sheetz*, 840 A2d 1000, 1003 [Pa 2003]; *Robdau v Commonwealth*, 35 Va App 128, 132-133, 543 SE2d 602, 604-605 [2001]).

proposed amendment to UIFSA. We note that " '[t]he Legislature is . . . presumed to be aware of the decisional and statute law in existence at the time of an enactment' " (*Jensen v General Elec. Co.*, 82 NY2d 77, 86 [1993], quoting *Arbegast v Board of Educ. of S. New Berlin Cent. School*, 65 NY2d 161, 169 [1985]). Thus, we find the refusal to adopt the amendment particularly revealing of the Legislature's intent, given the existence of appellate level case law predating the amendment and expressly permitting New York courts to issue an order for support upon expiration of an out-of-state order.

In sum, because the Connecticut judgment had expired and it is undisputed that Family Court had personal jurisdiction over respondent (*cf. Matter of Auclair v Bolderson*, 6 AD3d 892, 895-896 [2004], *lv denied* 3 NY3d 610 [2004]; *Matter of Chisholm-Brownlee v Chisholm*, 177 Misc 2d 185, 187-188 [1998]), Family Court had the authority to issue a new child support order for Kipp and to award counsel fees in connection with this proceeding.

Crew III, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.

