■ In the Matter of PLAINVIEW-OLD BETHPAGE CONGRESS OF TEACHERS et al., Respondents, v NEW YORK STATE HEALTH INSURANCE PLAN et al., Appellants, et al., Respondents. [20 NYS3d 230]—

---

* At the time of the hearing in September 2013, the father had not yet filed his 2012 tax returns.

Rose, J. Appeal from an order and judgment of the Supreme Court (Lynch, J.), entered February 7, 2014 in Albany County, which, among other things, granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a certain policy memorandum issued by respondent Department of Civil Service.

Respondent Plainview-Old Bethpage Central School District is a participating agency in respondent New York State Health Insurance Program (hereinafter NYSHIP), which is administered by respondent Department of Civil Service. On May 15, 2012, while the School District was negotiating the terms of new collective bargaining agreements with petitioners Plainview-Old Bethpage Congress of Teachers and its Clerical Unit and Teachers Unit, the Department of Civil Service issued policy memorandum No. 122r3, which limited the circumstances under which an employee of a participating agency such as the School District may choose to decline NYSHIP coverage in exchange for a cash payment. Although the previous collective bargaining agreements had included such a buyout program, the School District took the position that the program was required to conform to the new restrictions set forth in the policy memorandum.

On December 21, 2012, petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, a declaration that the policy memorandum is null and void. NYSHIP and the Department of Civil Service (hereinafter collectively referred to as the State respondents) joined issue and moved for summary judgment asserting, among other things, a statute of limitations defense. Supreme Court denied the motion, granted the petition, declared the policy memorandum null and void, and remitted the matter to the State respondents for further action. The State respondents appeal.

Contrary to the State respondents' contention, they waived their argument that petitioners lack standing to maintain this combined action/proceeding, inasmuch as they failed to raise this affirmative defense in either a pre-answer motion to dismiss or their answer (*see* CPLR 3211 [a] [3]; [e]; *Marcon Affiliates, Inc. v Ventra*, 112 AD3d 1095, 1095-1096 [2013]; *Kruger v State Farm Mut. Auto. Ins. Co.*, 79 AD3d 1519, 1520 [2010]; *Matter of Renee XX. v John ZZ.*, 51 AD3d 1090, 1092-1093 [2008]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242-243 [2007]; *Matter of Leonard H.*, 278 AD2d 762, 763-764 [2000], *lv denied* 96 NY2d 709 [2001]; *see also Lacks v*

*Lacks*, 41 NY2d 71, 74-75 [1976]). Nonetheless, the petition must be dismissed, as it is barred by the four-month statute of limitations (*see* CPLR 217 [1]; *see also Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007]; *Thrun v Cuomo*, 112 AD3d 1038, 1040 [2013], *lv denied* 22 NY3d 865 [2014]).

In determining the date upon which the limitations period began to run, we can discern no meaningful distinction between the facts alleged and claims asserted here and those that were presented in our recent holding in *Matter of School Adm'rs Assn. of N.Y. State v New York State Dept. of Civ. Serv.* (124 AD3d 1174 [2015], *lv denied* 26 NY3d 904 [2015]). There, we determined the accrual date of a virtually identical challenge to the validity of the same policy memorandum. We found that the four-month statute of limitations began to run on May 15, 2012, the date that the Department of Civil Service issued the memorandum, because the Department's decision on the new policy was final and binding, and it was readily ascertainable by the petitioners on that date (*id.* at 1176-1178). Inasmuch as petitioners did not commence this proceeding until December 21, 2012, it is time-barred.

Garry, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the order and judgment is reversed, on the law, without costs, motion by respondents New York State Health Insurance Plan and Department of Civil Service for summary judgment granted and petition dismissed.